MERCK & Co. (INC.) *v.* UNITED STATES (No. 3586)[1]

[1] T. D. 46249.

United States Court of Customs and Patent Appeals, February 6, 1933

*James W. Bevans* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument December 7, 1932, by Mr. Bevans and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellant made three importations of a coal-tar product, namely, vanillin, at the port of New York, one consisting of 550 pounds and two of 1,100 pounds each. The goods were classifiable under paragraph 28 of the Tariff Act of 1922 at 45 per centum ad valorem and 7 cents per pound. The basis of valuation was the American selling price, as defined in subdivision (f) of section 402, Title IV of said act, of any similar competitive article manufactured or produced in the United States. It is admitted that there was such a competitive article so produced.

Appellant's counsel makes the following statement of the facts and of his contentions in his brief:

The importation of 1,100 lbs. of vanillin under entry 721004, reappt. 87255–A, was invoiced at $2.75 per lb., and at the time of entry the value was raised by the importer to $6.75 per lb., less freight. The importation was appraised at $7.20 per lb.

The importation of 550 lbs. of vanillin under entry 733245, reappt. 87256–A, was invoiced at $2.75 per lb. and entered on a value of $7.05 per lb., less freight. It was appraised at $7.20 per lb.

The third shipment, consisting of 1,100 lbs. of vanillin, covered by entry 771406, reappt. 89316–A, was also invoiced at $2.75 per lb. It was entered at $6.25 per lb., less freight, and appraised at $6.65 per lb.

The deduction at the time of entry from what was asserted by the importer to be the selling price of domestic vanillin, of freight was erroneous as no such deduction is authorized under the law in finding American selling price.

It is, therefore, importer's contention that the proper values under subdivision (f) of section 402, on which the duty of 45%, assessable under paragraph 28, should be predicated, are $6.75 per lb. as to the importation under entry 721004, $7.05 per lb. as to the importation under entry 733245, and $6.25 per lb. as to the importation under entry 771006.

It is stated by Government counsel and not controverted that the local appraiser fixed the American selling price on a basis of the said price in lots of 100 pounds.

The single judge to whom appeals for reappraisement were made sustained said contentions of the importer. On review the Third Division of the United States Customs Court reversed the several judgments below and remanded the causes with directions to dismiss

the appeals. The reason for such judgment was stated by Young, Judge, in the opinion of the court to be as follows:

\* \* \* But, after a careful examination of the record, we do not think it shows what the usual wholesale quantities were. The record shows that the merchandise was sold in wholesale quantities of from one pound to 1,000 pounds. We think it is necessary for the importer to show the usual quantities. This it has failed to do, and we think the case should be dismissed, following *United States* v. *Vandegrift & Co.*, 16 Ct. Cust. Appls. 398, T. D. 43120.

Section 402 (f) is as follows:

SEC. 402. (f) The American selling price of any article manufactured or produced in the United States shall be the price, including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for delivery, at which such article is freely offered for sale to all purchasers in the principal market of the United States, in the ordinary course of trade and in the usual wholesale quantities in such market, or the price that the manufacturer, producer, or owner would have received or was willing to receive for such merchandise when sold in the ordinary course of trade and in the usual wholesale quantities, at the time of exportation of the imported article.

It seems to be conceded by the appellant that it was incumbent upon it in the trial before the single judge to prove the price at which domestic vanillin was freely offered for sale to all purchasers or the price that the manufacturer, producer, or owner would have received or was willing to receive for such merchandise in the United States at the time of exportation, among other elements, *in the usual wholesale quantities in such market.* This the importer claims it has done. The Government makes denial, and thus the issue in the case is made.

Two witnesses were called on the part of the appellant and none for the Government. The first of these witnesses was Albert A. Spiro, assistant purchasing agent of the appellant. This witness introduced in evidence certain schedules of prices of domestic vanillin issued by the Monsanto Chemical Works and the Verona Chemical Co. These were known as the "old" and "new" schedules, the new schedules, in each case, showing reductions in prices. The "new" schedule of the Monsanto Chemical Works is fairly illustrative of all and follows:

NEW SCHEDULE

VANILLIN MONSANTO

Chrystalline Needles

|  | 1,000-lb. lots | 100-lb. lots | 25-lb. lots | 5-lb. lots | 1-lb. lots | Less |
|---|---|---|---|---|---|---|
| 25-lb. cans incl., per lb | $6.25 | $6.65 | $6.80 | | | |
| 5-lb. cans incl., per lb | 6.25 | 6.65 | 6.80 | $7.00 | | |
| 1-lb. cans incl., per lb | 6.40 | 6.80 | 6.95 | 7.15 | $7.15 | |
| 1-oz. cans incl., per lb | 6.75 | 7.15 | 7.30 | 7.50 | 7.50 | $7.50 |

The other witness was William J. Ward, assistant sales manager of the appellant. This witness testified that the prices shown by the Monsanto and Verona schedules "were the prices at which domestic vanillin was being offered in the markets of this country" at the time of importation. The following questions and answers appear in the record:

Q. Now I notice in these exhibits that vanillin is quoted in lots ranging from one to a thousand pounds, that is, one pound, five pounds, 25 pounds, 100 pounds, 250 pounds, and a thousand pounds. You said that the merchandising of vanillin was standardized. Are these standard quantities?—A. They are.

\* \* \* \* \* \* \*

Q. And are all these quantities from one pound up bulk quantities, or do the bulk quantities start from some other place?

\* \* \* \* \* \* \*

The WITNESS. A bulk quantity of vanillin I would say is any quantity from five pounds to a thousand pounds.

Q. Then you freely offer this, Merck & Co. freely offers the vanillin at the prices for the various quantities, in any of the quantities from one pound up to a thousand pounds?—A. We do.

Nothing further appears in the record on this subject.

This testimony shows that the United States competing article at the time of exportation was being offered for sale in markets of the United States in quantities of from one ounce to 1,000 pounds, put up in one-ounce, one-pound, five-pound, or 25-pound cans to suit the purchasers, at various prices according to the amount purchased and the size of the containers.

We are unable to discover in the testimony anything that throws any light upon what constitutes the usual wholesale quantities of domestic vanillin in the principal market of the United States. Nor is there any showing as to what constitutes the "principal market" for this product in the United States. The testimony of the witness Ward as to what constitutes a "bulk" quantity is not helpful. Section 402 (f) says nothing concerning "bulk" quantities. If there were a usual wholesale quantity or usual wholesale quantities and the witness was aware of such quantity or quantities the inquiry might well have been framed to adduce these facts. However, counsel so framed the inquiry as to embrace a term unknown to the law and hence adduced an answer without probative force.

This being the state of the record, it is unnecessary to dispose of the other question so earnestly argued by counsel for appellant, namely, that there may be more than one usual wholesale quantity of an article under said section 402 (f). It will be time enough to determine that issue when it is fairly and directly raised on the record.

The judgment of the United States Customs Court, Third Division, is *affirmed*.

BLAND and GARRETT, Judges, concur in the conclusion.